UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLORHAM VILLAGE LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY CVS PHARMACY LLC,<br><br>　　　　　　Defendant. | Civ. No. 15-8758 (KM) (JBC)<br><br>MEMORANDUM OPINION & ORDER |

**MCNULTY, U.S.D.J.:**

　　　　This is an action for summary dispossession brought by a landlord, Florham Village, LLC, against a commercial tenant, New Jersey CVS Pharmacy, LLC ("CVS"). The action was filed in New Jersey Superior Court, Law Division, Morris County, under Docket No. LT-2789-15. CVS filed a Notice of Removal, invoking this Court's diversity subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Florham Village moves to remand the matter to state court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). Florham Village acknowledges that the parties are citizens of different states, but contends that because its complaint seeks no damages, but only to dispossess the tenant, the amount in controversy requirement is not met. For the reasons stated below, the motion to remand is denied.

**BACKGROUND**

　　　　Pending before me is an action between the same parties, based on the same allegations, seeking damages for unpaid rent. *Florham Village, LLC v. New Jersey CVS Pharmacy, LLC, et al.,* Civ. No. 13-3160 (KM) (the "2013 Action"). Florham Village brought the 2013 Action in New Jersey state court, alleging that CVS had failed to pay certain months' rent under a lease agreement for a

1

CVS Pharmacy store in Florham Park, New Jersey. CVS contends that its obligation to pay rent began not on August 1, 2007, but only on October 30, 2007, when a certificate of occupancy issued. At issue, then, is approximately three months' rent. The amount sought in the 2013 Action was $129,465, plus a scheduled increase of $12, 946.50, and certain costs and penalties. CVS removed that action to this federal court, based on diversity jurisdiction, without dispute. Discovery appears to be complete, and a conference is scheduled for July 25, 2016. (2013 Action ECF nos. 41, 42)

Florham Village has grown impatient. On November 18, 2015, Florham Village filed in state Superior Court the above-captioned action (the "2015 Action"; see Complaint, ECF no. 1-1). The 2015 Action is brought under the New Jersey Summary Dispossession Act, N.J. Stat. Ann. § 2A:18-53. That statute provides for a judgment of possession, and eviction; it does not afford a remedy in the form of money damages. The basis for Florham Village's 2015 complaint is non-payment of the same rents claimed in the 2013 Action, with certain other charges added.[1] (Cplt. ¶ 9A) The complaint states that, "[i]f the case is scheduled for trial before [12/1/2015], the total amount you must pay to have this complaint dismissed is $158,336.12.... If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $210,925.83." (Cplt. ¶ 9B) The complaint "demands judgment for possession against the tenant(s) listed above, together with costs."

On December 16, 2015, CVS filed a Notice of Removal of the 2015 Action ("Notice", ECF no. 1), based on diversity jurisdiction. See 28 U.S.C. § 1332(a).

**DISCUSSION**

**A. Motion to Remand**

Under § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. CVS

---

[1] The months of arrearage, however, are stated as September, October, and November 2015. I gather that Florham Village may have applied CVS's later payments to the disputed three months in 2007, and is therefore treating current rent payments as being in arrears.

2

contends that this case could have been filed here pursuant to this Court's diversity jurisdiction:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different States....

28 U.S.C. § 1332(a).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Where subject matter jurisdiction is alleged to be lacking, the plaintiff may move to remand an improperly removed case to state court. 28 U.S.C. § 1447(c). Removal is strictly construed, and doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The parties, both limited liability companies, do not dispute that they are citizens of different states. "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 & n.13 (3d Cir. 2015); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). CVS is a limited liability company of the State of New Jersey, whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island. Notice ¶ 7(b). Florham Village is a limited liability company of New Jersey with its principal place of business in Florham Park, New Jersey. None of its members is a citizen of Delaware or Rhode Island. Notice ¶ 7(a).

The dispute here is over the $75,000 amount in controversy requirement. Florham Village asserts that, in this action, there is no monetary amount in controversy; the only relief sought is ejection of CVS from the premises. I disagree.

Diversity jurisdiction is not confined to actions for money judgments. The court is always required to make an assessment of the value of the rights being litigated. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). In an injunctive action, for example, "the amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested," measured from plaintiff's point of view. *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J. 1992) (Simandle, J.) (citing *Spock v. David*, 469 F.2d 1047, 1052 (3d Cir.1972), *rev'd on other grounds after remand, Greer v. Spock*, 424 U.S. 828, 96 S. Ct. 1211 (1976)); *Hilley v. Massachusetts Mut. Life Ins. Co.*, 32 F. Supp. 2d 195, 197 (E.D. Pa. 1998) (Pollak, J.) (citing *Spock, supra*, and *Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.*, 239 U.S. 121, 125–126, 36 S. Ct. 30 (1915)). Thus, in an action for unpaid rent and ejectment, a court considered not only the unpaid rent, but also the value to the plaintiff (should it prevail) of regaining occupancy of the property, as improved by the defendant. *Byler Mgmt. Co, LLC v. Bulletproof Enterprises, Inc.*, No. CIV.1:CV-10-0632, 2010 WL 2431823, at *4 (M.D. Pa. June 14, 2010) (nevertheless finding that amount in controversy threshold had not been met).

True, this summary dispossession action seeks a judgment of possession, not a money judgment. The form complaint also states, however, that the action will be dismissed if the tenant pays back rent of $158,336.12 before December 1, 2015, or $210,925.83 thereafter. That is one reasonable measure of the value of the 2015 Action to the plaintiff. It is not speculative; it is based on the rent set forth in the lease, approximately $43,000 per month, plus other charges. While the action is one for summary dispossession, I cannot ignore the reality that one important goal of such an action is to coerce payment of back rent. The Complaint itself provides for this, and specifies the dollar sum that will make the action go away. *See Hodges v. Sasil Corp.*, 915 A.2d 1, 7 (N.J. 2007) ("If the rent owed is paid 'on or before entry of judgment,' the legal proceeding is terminated. N.J.S.A. 2A:18-55...."); *Matter of DiCamillo*, 206 B.R. 64, 66 (Bankr. D.N.J. 1997).

Not for nothing, then, is it said that "[t]he summary-dispossess procedure also was designed to secure *performance* of the rental obligation in actions based on nonpayment of rent." *Hous. Auth. of Town of Morristown v. Little,* 639 A.2d 286, 289 (N.J. 1994) (emphasis added). *See also Hodges,* 915 A.2d at 7 ("summary dispossess actions permit landlords to secure performance of rental obligations"); *Vineland Shopping Ctr., Inc. v. De Marco,* 173 A.2d 270, 276 (N.J. 1961) ("[T]he summary proceeding is designed to secure performance of the rental obligation, and hence, it having been performed, the summary remedy may not be further pursued."). That coercive aspect, having as its object the *performance* of rental obligations, is not a bug but a feature of the statute. The amount of back rent is thus in play, or in controversy, in this dispossession action; it is a realistic measure of the value of what the landlord hopes to obtain as a result of its lawsuit.[2]

In the alternative, the landlord may obtain surrender of the premises. That too, has a monetary value. The lease in question is for a commercial property of 15,000 square feet, at a rent of approximately $43,000 per month. I do not have before me, however, specific evidence of the monetary value of the surrender of the lease, with leasehold improvements.

Finally, although this factor is not dispositive, I must note that this action is part and parcel of a controversy over which I indisputably do have jurisdiction: *i.e.,* the 2013 Action. It merely seeks an alternative form of relief. At their upcoming conference, the parties should discuss with the Magistrate Judge whether the two actions, which involve precisely the same facts, should be consolidated.

For all of these reasons, I will deny the motion of Florham Village to remand the case.

---

[2] Indeed, unless prevailing rents have escalated substantially, there is every reason to think that this is Florham Village's goal. There seems to be no issue as to CVS's ongoing payment of monthly rents; the dispute arises from rent for the disputed three month period in 2007.

5

### B. Costs and Attorneys' Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Furthermore, [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decision whether to award fees and costs lies within the Court's discretion. *See Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 606 (3d Cir. 2006). Because I have found removal to be proper, I decline to award attorney's fees and costs.

### ORDER

Accordingly, the plaintiff, Florham Village, having filed a motion (ECF no. 4) under 28 U.S.C. § 1447(c) to remand this action to state court; and the defendant, CVS, having filed an opposition (ECF no. 5); and Florham Village having filed a reply (ECF no. 6); and the Court having considered the motion papers, as well as the entire case file; for the reasons stated in the foregoing opinion, and good cause appearing therefor;

IT IS this 21st day of July, 2016,

ORDERED that plaintiff Florham Village's motion to remand the case (ECF no. 4) is **DENIED**, with each side to bear its own costs and fees.

_____
KEVIN MCNULTY, U.S.D.J.